UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATALYA BARSUKOVA, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>PEOPLE'S UNITED FINANCIAL, INC.,<br><br>Defendant. | Civil Action No.: 3:12-cv-01551 |

## CLASS ACTION COMPLAINT

For her Class Action Complaint against Defendant, People's United Financial, Inc. ("People's"), Plaintiff, Natalya Barsukova ("Plaintiff"), on behalf of herself and all others similarly situated, states as follows:

### INTRODUCTION

1. This action arises out of Defendant's repeated violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.* (the "Act") and Regulation E, 12 C.F.R. 205, *et seq.* (together with the Act, the "EFTA").

2. The EFTA provides for the timing and required substance of specified disclosures to be given by an operator of an Automated Teller Machine ("ATM") to users of ATMs.

3. The EFTA requires an ATM operator who imposes a fee on a consumer for "host transfer services" (an electronic fund transfer or balance inquiry) to provide to the consumer, at the time the service is provided, accurate notice of: (1) the imposition of a fee by such operator for providing the service; and (2) the amount of the fee charged. *See* 15 U.S.C. § 1693b(d)(3)(A).

4. The notice required by Section 1693b(d)(3)(A)(i) must "be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is

initiated by the consumer." 15 U.S.C. § 1693b(d)(3)(B)(i).

5. 12 C.F.R. 205.16(c)(1) similarly provides that an ATM operator must post the required notice "in a prominent and conspicuous location on or at the automated teller machine."

6. No fee may be imposed by an ATM operator in connection with any electronic fund transfer initiated by a consumer for which a fee notice is required unless the consumer receives such notice in accordance with the EFTA. *See* 15 U.S.C. § 1693b(d)(3)(C); 12 C.F.R. 205.16(e).

7. Plaintiff brings this action based on Defendant's imposition of a fee without providing, in a prominent and conspicuous manner, the notice required by the EFTA.

## THE PARTIES

8. Plaintiff is an adult individual residing in Swampscott, Massachusetts, and is a "consumer" as that term is defined by 15 U.S.C. § 1693a(6).

9. Defendant People's is a Delaware business entity with its principal place of business at 850 Main Street, Bridgeport, Connecticut, and conducts business in the state of Connecticut on a regular and consistent basis.

10. People's is an automated teller machine operator as that term is defined by 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. 205.16(a).

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the instant matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693, since the action arises under the EFTA.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c) in that Defendant's principal place of business is within this District and a substantial portion of the acts giving rise to this action occurred in this District.

**STATEMENT OF FACTS**

13. On or about October 6, 2012, Plaintiff withdrew funds from an ATM at the People's United Bank branch located at One Blachley Road, Stamford, Connecticut (the "Stamford ATM").

14. At the time Plaintiff used the Stamford ATM, it was owned and operated by Defendant.

15. At the time Plaintiff used the Stamford ATM, a fee notice was inconspicuously posted near the bottom of the machine, below the currency dispensing slot. A true and correct copy of a photograph of the Stamford ATM is attached hereto as Exhibit A, and reproduced below:



16. As shown in <u>Exhibit A</u>, the "Fee Notice" is placed in an inconspicuous location, at or below knee level and out of eyesight of any person accessing the Stamford ATM.

17. At the time Plaintiff used the Stamford ATM, she was charged a service fee in the amount of $3.00. A true and correct copy of Plaintiff's receipt from the Stamford ATM is attached hereto as <u>Exhibit B</u>.

## CLASS ACTION ALLEGATIONS

**A.    <u>The Class</u>**

18. Plaintiff brings this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all others similarly situated.

19. The Class of consumers that Plaintiff seeks to protect is defined as:

> **All persons who within the one year period preceding the initiation of this action were charged a transaction fee for use of the Stamford ATM.**

**B.    <u>Numerosity</u>**

20. Upon information and belief, Defendant has assessed thousands of illegal transaction fees through the use of the Stamford ATM.

21. Upon information and belief, since the date of Plaintiff's transaction at the Stamford ATM, Defendant has not posted a conspicuous notice disclosing the service fee on the outside of the Stamford ATM.

22. The members of the Class are therefore believed to be so numerous that joinder of all members is impractical.

23. Although the exact numbers and identities of class members are unknown at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes that there are thousands of individuals throughout Connecticut who have claims identical to Plaintiff's.

Therefore, bringing the action as a class will fairly ensure the adequate representation of all who may sue.

C.       **Common Questions of Law and Fact**

24.      Plaintiff identifies the following questions of fact and law common to the Class which predominate over any questions affecting only individual Class members:

> a) Whether Defendant was, at all relevant times during the class period, an ATM operator who imposed a fee on consumers for providing host transfer services;
>
> b) Whether the Stamford ATM provided disclosure in a prominent and conspicuous location that the ATM transaction was subject to the imposition of a specified fee; and
>
> c) Whether Defendant imposed fees on consumers without notice.

25.      Defendant's conduct in failing to post the required fee notice in a prominent and conspicuous location was intended and had the effect of causing damages to Plaintiff and the other members of the Class.

D.       **Typicality**

26.      Plaintiff's claims are typical of the claims of the Class members since each of the claims arises from the use of an ATM owned and operated by Defendant in their regular course of business.

E.       **Protecting the Interests of the Class Members**

27.      Plaintiff will fairly and adequately represent the Class members, all of whom are victims of Defendant's unlawful and wrongful conduct.

28.      All of the Class members' claims arise from substantially the same course of conduct and specific activities complained of herein and require application of identical legal principles.

29. Plaintiff has retained counsel experienced in bringing class actions and consumer class claims and who stands ready, willing and able to represent the Class and advance the costs of this litigation.

F. **Proceeding via Class Action is Superior and Advisable**

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and therefore would have no effective remedy at law.

32. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

33. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant. Conversely, adjudications with respect to individual Class members would be dispositive of the interest of all other Class members.

34. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate Plaintiff and the other members of the Class.

**COUNT I**
**Violation of the EFTA, 15 U.S.C. § 1693, *et seq.*,**
**(On Behalf of All Class Members)**

35. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

36. 15 U.S.C. § 1693b(d)(3)(A) provides that any ATM operator who imposes a fee on any consumer for providing host transfer services must provide a notice stating:

> (i) The fact that a fee is imposed by such operator for providing the service; and
>
> (ii) The amount of any such fee.

37. The notice required by 15 U.S.C. § 1693b(d)(3)(A)(i) must "be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer." 15 U.S.C. § 1693b(d)(3)(B)(i).

38. In addition, 15 U.S.C. § 1693b(d)(3)(c) provides:

> No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless:
>
> (i) The consumer receives such notice in accordance with subparagraph (B); and
>
> (ii) The consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

39. To enable enforcement of the EFTA, 12 C.F.R. 205.16(b) provides:

> An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:
>
> (1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and
>
> (2) Disclose the amount of the fee.

40. 12 C.F.R. 205.16(c) further provides:

> An automated teller machine operator must comply with the following:
>
> (1) Post the notice required by paragraph (b)(1) of this section in a prominent and conspicuous location on or at the automated teller machine

41. In addition, 12 C.F.R. 205.16(e) states:

> An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer of a balance inquiry only if:
>
> (1) The consumer is provided the notices required under paragraph (c) of this section; and
>
> (2) The consumer elects to continue the transaction or inquiry after receiving such notices.

42. Defendant is an automated teller machine operator who provided host transfer services at all times relevant to this action.

43. Defendant failed to comply with the EFTA in connection with providing such services to Plaintiff and the other members of the Class as the notice on the Stamford ATM was in neither a prominent nor conspicuous location.

44. Pursuant to the EFTA, Defendant was prohibited from imposing any fee for host transfer services because Defendant failed to provide conspicuous notice that a fee would be charged.

45. Plaintiff and the other members of the Class have suffered damages as a result of Defendant's violations of the EFTA in that they were charged a fee that was not properly disclosed.

46. Pursuant to 15 U.S.C. § 1693m, Defendant is liable to Plaintiff and the other members of the Class for the amount of actual damages incurred, as well as for statutory damages, reasonable attorney's fees and the costs of this action.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class and against Defendant as follows:

A) Statutory damages pursuant to 15 U.S.C. § 1693m;

B) Compensatory damages;

C) Prejudgment interest;

D) Entry of an Order establishing a constructive trust over the wrongfully-obtained funds in Defendant's possession and appropriate supplemental orders, including appointment of a receiver and restrictions on distribution of such funds by Defendant;

E) Attorney's fees and costs pursuant to 15.U.S.C. § 1693m; and

F) Such other and further relief this Court deems just and appropriate.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY.

Dated: November 2, 2012
      Stamford, CT

                               LEMBERG & ASSOCIATES L.L.C.
                               *Attorneys for Plaintiff*

                               By:   */s/ Sergei Lemberg*
                               Sergei Lemberg, Esq.
                               1100 Summer Street, 3rd Floor
                               Stamford, CT 06905
                               Telephone: (203) 653-2250
                               Facsimile: (877) 795-3666
                               slemberg@lemberglaw.com